USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _11/21/2019_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PATRICK WHITTER,

               Plaintiff,

-against-

MARK EDWARD WAIZENEGGER and M. FALANGA TRUCKING, LLC,

               Defendants.

19 Civ. 283 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

      Plaintiff, Patrick Whitter, brought suit in Supreme Court, Bronx County, against Defendants, Mark Waizenegger and M. Falanga Trucking, LLC, claiming that Waizenegger crashed a motor vehicle into Whitter's car in the course of Waizenegger's employment with M. Falanga Trucking. Compl. ¶¶ 11–14, ECF No. 1-1. Defendants filed a notice of removal in this Court on January 10, 2019. Notice of Removal, ECF No. 1. Now before the Court is Plaintiff's motion to remand the case to state court. ECF No. 7. For the reasons stated below, that motion is GRANTED.

      A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). Defendants removed this action on the basis of diversity jurisdiction under 28 U.S.C. § 1332, which grants federal district courts original jurisdiction over cases between citizens of different states in which the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *see* Notice of Removal ¶ 4. "The removing party bears the burden of establishing that removal is proper." *Wimbledon Fin. Master Fund, Ltd. v. Sage Grp. Consulting Inc.*, No. 17 Civ. 6563, 2017 WL 6034649, at *2 (S.D.N.Y. Nov. 21, 2017).

The parties agree that complete diversity exists between the parties in this case: Plaintiff is a citizen of Florida, Defendant Waizenneger is a citizen of Tennessee, and Defendant M. Falanga Trucking, LLC, is a citizen of New York.[1] Pl. Mem. at 4, ECF No. 9; Def. June 19 Decl., ECF No. 15. The sole issue is whether the amount in controversy exceeds $75,000. The complaint in this case does not specify the amount of damages sought. *See* Compl. ¶¶ 16–17. It states only that Plaintiff seeks "damages in an amount exceeding the monetary jurisdictional limits of all lower courts [below the New York Supreme Court] which would otherwise have jurisdiction." *Id.* at 6. Where "the complaint does not specify the particular amount of damages sought, the Court looks to the facts alleged in the complaint, along with those alleged in the removal papers, to determine whether it appears to a reasonable probability that the jurisdictional amount has been reached." *Robinson v. Berkshire Life Ins. Co. of Am.*, No. 18 Civ. 7689, 2019 WL 1614831, at *2 (S.D.N.Y. Apr. 16, 2019) (internal quotation marks and citation omitted).

Defendants here have not presented sufficient allegations or evidence to show a reasonable probability that the amount in controversy in this case exceeds $75,000. Their notice of removal asserts that the amount-in-controversy requirement is likely met because Plaintiff's complaint alleges that he was "rendered sick, sore, lame and disabled; was caused to suffer great pain; was internally and externally injured; and will continue to endure great pain and suffering as well as unspecified damages." Notice of Removal ¶ 5; Compl. ¶ 15 (alleging substantially identical injuries). But courts in this circuit have repeatedly been confronted with allegations of injury virtually identical to these, and have repeatedly held that, standing alone, such boilerplate assertions do not create a reasonable probability that the amount-in-controversy requirement is met. *See, e.g.*, *Bonnet v. Roig*, No. 19 Civ. 5397, 2019 WL 5291207, at *2 (E.D.N.Y. Oct. 18,

---

[1] The two members of M. Falanga Trucking, LLC, are Margaret Falanga and James Falanga; both are domiciled in New York. Def. June 19 Decl. ¶ 5, ECF No. 15.

2019) ("Plaintiff's general allegations that she 'was severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time' . . . are not enough."); *Anderson v. Keystone Freight Corp.*, No. 19 Civ. 5381, 2019 WL 5291173, at *2 (E.D.N.Y. Oct. 18, 2019) (holding same for identical allegations); *Burley v. Target Dep't Store, Inc.*, No. 17 Civ. 1193, 2017 WL 1030711, at *2 (E.D.N.Y. Mar. 15, 2017) ("[T]he Court is left to guess at the amount in controversy based on the [c]omplaint's boilerplate allegation that Plaintiff 'was rendered sick, sore, lame and disabled, was caused to suffer great pain, was and is internally and externally injured, will continue to endure great pain and suffering, and has sustained and will continue to sustain special damages.' Such a barebones, general pleading does not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction." (brackets and citation omitted)); *Valente v. Garrison From Harrison LLC*, No. 15 Civ. 6522, 2016 WL 126375, at *2 (E.D.N.Y. Jan. 11, 2016) ("[T]he [c]omplaint's boilerplate allegations that Plaintiff 'sustained severe personal injuries, was rendered sick, sore, lame and disabled, required medical attention, suffered pain, will continue to suffer and will require medical attention in the future' . . . do not suffice to establish that this action involves an amount in controversy adequate to support federal diversity jurisdiction."). The same goes for allegations that the amount in controversy exceeds the jurisdictional limit of courts inferior to the New York Supreme Court, or that plaintiff suffered "a greater economic loss" or "serious injury" as defined by New York Insurance Law § 5102. *See, e.g.*, *Bonnet*, 2019 WL 529107, at *2; *Anderson*, 2019 WL 5291173, at *2; *Wright v. JB Hunt Transp. Inc.*, No. 19 Civ. 2414, 2019 WL 1936725, at *2

(E.D.N.Y. May 1, 2019); *Johnson-Kamara v. W. Chacon Trucking*, No. 05 Civ. 9900, 2006 WL 336041, at *2 (S.D.N.Y. Feb. 9, 2006).

Beyond those allegations, Defendants seek to establish jurisdiction based on Plaintiff's silence regarding the amount of damages he is seeking, and suggest that Plaintiff could easily obviate the question of whether the amount-in-controversy requirement is met by stipulating that he will not seek more than $75,000 in damages. Def. Mem. at 5–6, ECF No. 10; Def. April 10 Decl. ¶¶ 5, 9, ECF No. 11. In support of this argument, Defendants rely on *Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459 (S.D.N.Y. 2008), and *Juarbe v. Kmart Corp.*, No. 5 Civ. 1138, 2005 WL 1994010, at *2 (S.D.N.Y Aug. 17, 2005). They argue that in both cases courts in this district drew an inference that the amount in controversy exceeded $75,000 because the plaintiffs were unwilling to stipulate that they sought less than that amount in damages. Def. Mem. at 5–6. But *Felipe* and *Juarbe* differ in crucial ways from this case. In both of those cases, the defendants "attempted to seek an agreement with plaintiff's counsel to limit plaintiff's damages to $75,000," and the plaintiff refused. *Felipe*, 572 F. Supp. 2d at 459; *Juarbe*, 2005 WL 1994010, at *1 ("Defendant offered to stipulate to remand the case to state court if plaintiff would agree to limit her total recovery to $75,000. A stipulation was sent to plaintiff's attorney but was not executed or returned."). In this case, Defendants have not presented any evidence that they actually sought such a stipulation, or that Plaintiff refused one. But more importantly, *Felipe* and *Juarbe* stand only for the proposition that a plaintiff's refusal to stipulate to damages below $75,000 is *some* evidence that the amount-in-controversy requirement is met. As a leading treatise explains, courts "have tended to . . . allow[] [a] plaintiff's failure to stipulate that damages do not exceed $75,000 to raise an inference or count as evidence that the jurisdictional requirement is met," but have not treated failure to stipulate as dispositive. 14AA Wright &

4

Miller, Federal Practice and Procedure § 3702.1 (4th ed.). Plaintiff's silence in this case might offer some support for the contention that more than $75,000 is at issue, but it is not enough to meet Defendants' burden of showing a "reasonable probability that the jurisdictional amount has been reached." *Robinson*, 2019 WL 1614831, at *2 (internal quotation marks and citation omitted).

Accordingly, Plaintiff's motion to remand is GRANTED. The Clerk of Court is directed to close the case and remand it to Supreme Court, Bronx County, and to terminate the motion at ECF No. 7.

SO ORDERED.

Dated: November 21, 2019
      New York, New York

                                                ANALISA TORRES
                                       United States District Judge